# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| L. H., ON BEHALF OF THEIR MINOR CHILDREN; D. J., ON BEHALF OF THEIR MINOR CHILDREN; B. C., ON BEHALF OF THEIR MINOR CHILDREN; AND J. F., ON BEHALF OF THEIR MINOR CHILDREN; <br><br> Plaintiffs, <br><br> v. <br><br> INDEPENDENCE SCHOOL DISTRICT, <br><br> Defendant. | Case No. 4:22-00801-CV-RK |

## ORDER STAYING CASE

Plaintiffs are parents of minor children who are students in the Independence School District and filed this case on their minor children's behalf on December 6, 2022. (Doc. 1) Plaintiffs challenge the policy of Defendant Independence School District that removes material in school libraries upon receipt of a challenge to such material, pending a formal review process. Plaintiffs claim the policy violates the minor children's First Amendment rights and Fourteenth Amendment Due Process rights. Plaintiffs assert the policy's automatic application, lack of notice to students before, during, and at the end of the formal review process, and lack of opportunity for appeal are unconstitutional.

The Wentzville R-IV School District uses the same automatic removal policy at issue here. Counsel for Plaintiffs is pursuing a challenge to that policy on similar bases in the United States District Court for the Eastern District of Missouri in *C.K.-W v. Wentzville R-IV School District*, 4:22-cv-191-MTS. In *C.K.-W*, Plaintiffs filed a Motion for Preliminary Injunction, which the Eastern District denied. *See C.K.-W v. Wentzville R-IV Sch. Dist.*, No. 4:22-cv-00191-MTS, 2022 WL 3138989 (E.D. Mo. Aug. 5, 2022). The Eastern District's decision and supporting rationale are the primary source of Defendant Independence School District's briefing in this case. (Doc. 21 at 2.) On September 2, 2022, Plaintiffs in *C.K.-W* filed a Notice of Interlocutory Appeal, which is now pending before the Eighth Circuit Court of Appeals, Case No. 22-2885. It is estimated that briefing of the *C.K.-W* appeal should be completed by March 6, 2023.

It appears the Eighth Circuit decision in *C.K.-W* will be the first in which a federal court of appeals has directly analyzed the constitutionality of the type of policy at issue in both this case and *C.K.-W*, and as such, will have a significant impact on Plaintiffs' claims in this matter.

Plaintiff argues the *C.K.-W.* plaintiffs' case is fact-specific, challenging the discriminatory intent behind the removal of the eight particular books. (Doc. 22 at 1.) While acknowledging that the automatic-removal policy challenged in this case is "similar to one aspect of the policy in *C.K.-W.*," Plaintiffs assert they are challenging the risk of constitutional injury posed by the existence of the policy as a legal matter, "not the reasons for specific applications of a much broader book-banning scheme." (*Id.* at 1-2.) Additionally, Plaintiffs attempt to distinguish the two cases, highlighting that they have asserted a due process claim that is not present in *C.K.-W.* (*Id.* at 2.)

The relief requested in the motion for preliminary injunction denied by the Eastern District in *C.K.-W.* bears significant similarity to the relief sought in the instant case. Specifically, in *C.K.-W.*, Plaintiffs sought a prohibition of the enforcement of the school district's

> policy allowing parent-, guardian-, or student-initiated book challenges as it applies to library materials, including prohibiting Defendant from temporarily or permanently banning additional books, and direct Defendant to restore access to any school library books for which student access has been permanently or temporarily blocked during this school year but has yet to be restored . . . while Plaintiffs' challenge to the policy is determined on the merits.

(No. 4:22-cv-00191-MTS, doc. 11 at 1.) Similarly, here, Plaintiffs request the Court to prohibit the enforcement of Defendant's "policy of automatically removing library materials from student access upon receiving a challenge to such material, while this lawsuit is determined on the merits." (Doc. 4 at 1.) In support of their motion for preliminary injunction in *C.K.-W.*, Plaintiffs argued the school district violates

> students' right to access information in school libraries free from viewpoint-based censorship in three ways: by (a) automatically removing library material when any student, parent, or guardian formally complains it is "objectionable" regardless of the merit; (b) permanently removing school library material based on disagreement with the ideas and viewpoints expressed; and (c) allowing permanent removal of challenged material without any committee or Board review through misapplication of its "weeding" policy.

(No. 4:22-cv-00191-MTS, doc. 19 at 1.) Similarly, here, Plaintiffs argue

> in violation of students' First Amendment right to access ideas and information in school libraries free from viewpoint-based censorship and to due process of law, Defendant Independence School District (ISD) maintains a policy of automatically removing challenged materials, including books, from all school libraries upon

> receipt of the complaint, without notice, and before any review has been conducted. Moreover, after the vote of the Board of Education (Board), which is a final decision, there is no appeal process.

(Doc. 8 at 9.)

In this case and in *C.K.-W.*, Plaintiffs seek relief from identical policies of school districts that temporarily remove public school library material upon receipt of a challenge from an individual without regard to the basis of that challenge. Plaintiffs in each case claim that aspect of these policies violates the First Amendment rights of students in the district.

Though the Plaintiffs in *C.K.-W.* are confronted with and alleged additional unconstitutional conduct than that faced in the instant case, and though the Plaintiffs in this case add a Fourteenth Amendment Due Process claim to their action that is not present in *C.K.-W.*, the decision rendered in the pending appeal of *C.K.-W.* may well be determinative in this case.

If the Eighth Circuit holds that students do not have a First Amendment right of access to all materials in public school libraries, including those removed temporarily upon challenge, and/or that the policy providing for automatic temporary removal upon challenge does not violate students' First Amendment right, such holding will be binding precedent on the issues before this Court. It will also affect the Court's analysis of the Fourteenth Amendment Due Process claim in this case, given that to find a violation of the Fourteenth Amendment right to Due Process, the Court first must find "the possession of a protected life, liberty or property interest[,]" *Singleton v. Cecil*, 176 F.3d 419, 424 (8th Cir. 1999) (en banc), which Plaintiffs here allege to be the "students' fundamental right to free speech, which constitutes a liberty interest." (Doc. 8 at 9.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Allied Prop. & Cas. Ins. Co. v. Grich*, No. 4:16-CV-00933-AGF, 2016 WL 4944113, at *2 (E.D. Mo. Sept. 16, 2016) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (quoting *Landis*, 299 U.S. at 254-55).

After carefully considering and weighing all of the competing interests in this case, the Court concludes that a stay is warranted. The Court's review of *C.K.-W.* and of the relevant policy language in that case convinces the Court that waiting for a ruling by the Eighth Circuit Court of Appeals would promote judicial economy here. Specifically, an affirmance in *C.K.-W.* would likely be dispositive of the preliminary injunction motion in this case. Alternatively, if the Eighth

Circuit reverses or remands as to the similar issues in *C.K.-W.*, such a ruling may well also impact the Court's analysis of the determinative legal issues in this case.

By contrast, the Court does not find that Plaintiff would be unduly prejudiced by a stay. This case is still in its early stages. The parties have not conducted discovery; and other than Plaintiffs' motion for preliminary injunction and the motion to dismiss filed by Defendant (based largely on *C.K.-W.*), no substantive issues have been or are scheduled to be litigated. Thus, staying the case now would not significantly disrupt the litigation process. In addition, per Defendant, the policy challenged has only been enforced once in the ten years it has been in effect and has not resulted in any book being permanently removed from its libraries; rather, one book was ultimately limited to being available only in middle and high school libraries and no longer in elementary school libraries in the District (a result not challenged by Plaintiffs in the instant case).

## Conclusion

Accordingly, this case is **STAYED** until such time as the Eighth Circuit Court of Appeals issues a decision in *C.K.-W., et al v. Wentzville R-IV School District*, No. 22-2885 (8th Cir. 2022).

**IT IS FURTHER ORDERED** that, in light of the stay, all other pending motions are **DENIED without prejudice** to refiling, as appropriate, upon lifting of the stay.

**IT IS FURTHER ORDERED** that Defendant shall file a status report every 90 days during the pendency of the stay.

**IT IS FURTHER ORDERED** that, within **seven (7) days** following a ruling by the Eighth Circuit in *C.K.-W.*, Defendant shall file an appropriate motion as to lifting the stay.

**IT IS FURTHER ORDERED** that this case shall be administratively closed, subject to reopening upon lifting of the stay herein imposed or other appropriate Order.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: January 13, 2023