IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| L. H., ON BEHALF OF THEIR MINOR CHILDREN; D. J., ON BEHALF OF THEIR MINOR CHILDREN; B. C., ON BEHALF OF THEIR MINOR CHILDREN; AND J. F., ON BEHALF OF THEIR MINOR CHILDREN;<br><br>     Plaintiffs,<br><br>v.<br><br>INDEPENDENCE SCHOOL DISTRICT,<br><br>     Defendant. | Case No. 4:22-cv-00801-RK |

# ORDER

  Plaintiffs are parents and next friends of minor children who are students in the Defendant Independence School District and filed this case on their minor children's behalf on December 6, 2022. (Doc. 1.) Plaintiffs challenge Defendant's policy that removes material in school libraries upon receipt of a challenge to such material, pending a formal review process. Plaintiffs claim the policy violates the minor children's First Amendment rights and Fourteenth Amendment Due Process rights. Plaintiffs assert the policy's automatic application, lack of notice to students before, during, and at the end of the formal review process, and lack of opportunity for appeal are unconstitutional.

  Before the Court is Defendant's motion to dismiss. (Doc. 18.) The motion is fully briefed. (Docs. 19, 23, 32.) For the reasons below, Defendant's motion to dismiss is **GRANTED** and this case is **DISMISSED.**

## Background

  Defendant Independence School District ("District") has a regulation, Board Regulation 6310, which, among other things, allows a student, parent, or guardian to make a formal complaint about library materials he or she finds objectionable on a form obtained from the Superintendent's office. (Doc. 1 at ¶ 26; Doc. 1-2 at 3.) Board Regulation 6310 provides that the complaint will be considered by the Superintendent and librarian, and, "[c]ontingent with their decision, the material

will be returned to the shelf for continued use, or removed from library circulation." (Doc. 1-2 at 3.) Board Regulation 6310 refers to Policy and Regulation 6241 – Controversial Materials. (*Id.*)

Board Regulation 6241 provides, among other things:

Despite the care taken to select those materials deemed to be educationally useful, occasional objections to the selection of instructional materials may be made by the public.

If a challenge is made, it should be properly channeled through guidelines and procedures established by the Board.

On occasion, honest differences of opinion may arise about books or materials used in the public schools. In order to handle questions that might arise in an impartial and orderly manner, the following procedures shall be followed:

> 1. All complaints shall be reported immediately to the building principal involved, whether these come by telephone, letter, or personal conference.
>
> 2. The person making the complaint shall receive the form "Review of Instructional Materials." A copy of this form may be picked up in the administrator's office.
>
> 3. This form must be completed and returned by the person making the complaint.
>
> 4. Media being questioned will be removed from use, pending committee study and final action by the Board of Education, unless the material questioned is a basic text.[1]
>
> 5. The Superintendent of Schools shall, within fifteen (15) days of receipt of the written request, appoint a review committee of nine people. The committee shall consist of the administrator of the building involved, three teachers, a member of the Board of Education, and four lay persons. The administrator shall serve as secretary.
>
> 6. The classroom teachers appointed shall be represented by the grade level or subject area where the media is used, another grade level or subject area, and a librarian.
>
> 7. The four lay persons appointed shall be selected from a list of eight people recommended to the Superintendent by the president of the Board of Education. Two of the four persons appointed must be parents/guardians of children in the schools.
>
> 8. Within twenty (20) days of the appointment of the committee, the committee shall meet, review the written request for reconsideration, read the questioned

---

[1] This is the automatic-removal policy that Plaintiffs challenge as unconstitutional in their complaint. (Doc. 1 at ¶ 31.iv n.1.)

materials, evaluate, and prepare a written report of its findings and recommendations to the Superintendent of Schools.

9. The committee may recommend that the questioned materials be:

   a. Retained without restriction;

   b. Retained with restriction; or

   c. Not retained.

10. The Superintendent shall, at the next appointed meeting of the Board of Education, report the recommendations of the Review Committee to the Board of Education. The decision of the Board will be final.

11. The decision of the Board shall be reported to the principal of the school, to the complainant, and to other appropriate professional personnel on the next school day. The principal shall see that the decision of the Board is carried out.

12. The librarian responsible for that school shall keep on file all pertinent information concerning the questioned materials or any books or materials likely to be questioned.

(Doc. 1-5 at 1-2.)

Under the District's policies and regulations, there is no notice to students or parents when materials are challenged and no mechanism for appealing the final Board decision as to whether material is returned to circulation or permanently removed. (Doc. 1 at ¶ 32.)

On December 16, 2022, Plaintiffs filed their complaint, containing two counts brought pursuant to 42 U.S.C. § 1983. In Count I, Plaintiffs claim that the District's automatic-removal policy violates the minor students' rights under the First Amendment to the United States Constitution by removing all student access to all challenged materials, including where removals are made without merit and on the basis of viewpoint and content. (*Id.* at ¶ 63.) In Count II, Plaintiffs claim the automatic-removal policy violates the minor students' Fourteenth Amendment due process rights to notice and an opportunity to be heard as to the deprivation of their First Amendment rights implicated in Count I. (*Id.* at ¶¶ 72-73.) Plaintiffs seek a preliminary injunction, as well as a corresponding permanent injunction and declaratory judgment, directing the District to cease enforcing its policy of automatically removing materials upon challenge as it allegedly violates "students' First and Fourteenth Amendment right to access ideas and information and due process[.]" (*Id.* at 14.)

In its motion to dismiss filed under Rule 12(b)(6), Defendant argues Plaintiffs lack standing, there is no justiciable controversy, and Plaintiffs fail to state a claim upon which relief can be granted.

**Legal Standard**

Article III of the Constitution limits federal courts' jurisdiction to certain "Cases" and "Controversies." As the United States Supreme Court has explained, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). An actual case or controversy requires "a definite and concrete controversy involving adverse legal interests at every stage in the litigation." *Schanou v. Lancaster Cnty. Sch. Dist. No. 160*, 62 F.3d 1040, 1042 (8th Cir. 1995).

The party invoking federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence. *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018). "It is to be presumed that a cause lies outside [of the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Dismissal of an action is appropriate if the court does not have subject matter jurisdiction over a claim. *Croyle ex rel. Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018); Fed. R. Civ. P. 12(h)(3).

Standing is a threshold or jurisdictional issue. *See Cook v. ACS State & Local Sols., Inc.*, 756 F.Supp.2d 1104, 1106 (W.D. Mo. 2010). A district court does not have subject matter jurisdiction when a plaintiff lacks standing. *Nelson v. Maples*, 672 F. App'x 621 (8th Cir. 2017) (citing *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002)). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "To establish the 'irreducible constitutional minimum of standing,' [Plaintiff] must show [it has] '(1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged action of [Defendants], and (3) is likely to be redressed by a favorable judicial decision.'" *Yeransian v. B. Riley FBR, Inc.*, 984 F.3d 633, 636–37 (8th Cir. 2021) (quoting *Spokeo*, 136 S. Ct. at 1547).

"An injury-in-fact exists where the plaintiff has sustained, or is in immediate danger of sustaining, a concrete and particularized harm that is actual or imminent, not conjectural or

4

hypothetical." *Phila. Indem. Ins. Co. v. Atl. Specialty Ins. Co.*, No. 6:20-CV-03065-MDH, 2020 WL 4819949, at *1 (W.D. Mo. Aug. 19, 2020) (quoting *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000)). Injury is "fairly traceable" to the government action at issue where a causal connection is alleged between the government's action and the plaintiff's injury. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 592 (8th Cir. 2009). "Because redressability is an 'irreducible' component of standing . . . no federal court has jurisdiction to enter a judgment unless it provides a remedy that can redress the plaintiff's injury." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801 (2021) (citing *Spokeo*, 578 U.S. at 338).

## Analysis

### I. Capacity

Defendant argues Plaintiffs cannot proceed on behalf of their children unless and until they are judicially appointed to do so. The Court considered and ruled on this issue in its Order on Plaintiffs' motion for preliminary injunction of February 23, 2023 (Doc. 35), and thereafter, the Court granted the parties' consent motion for appointment of next friend (Doc. 38), mooting this issue.

### II. Justiciable Controversy - Injury-In-Fact

Defendant argues "there is no justiciable case or controversy for this Court to consider" because "Plaintiffs' entire lawsuit is predicated on a hypothetical, future challenge, in which a book is automatically removed pending review." (Doc. 19 at 7.)

The Court finds Plaintiffs fail to demonstrate the requisite element of an injury-in-fact. Plaintiffs have not alleged they sustained, and do not allege they are "in immediate danger of sustaining, a concrete and particularized harm that is actual or imminent, not conjectural or hypothetical." *Phila. Indem. Ins. Co.*, 2020 WL 4819949, at *2 (internal quotation marks omitted). Plaintiffs' filings specify that "Plaintiffs challenge the risk of constitutional injury posed by the existence of the policy as a legal matter[,]" (Doc. 22 at 2), that "Plaintiffs do not seek to have any book returned to the library shelves[,]" (*id.*), and that Plaintiffs "seek[] neither to prohibit challenges to library materials nor require the return of any library material that has been removed." (*Id.* at 3.) Rather, "[t]his case . . . targets the automatic-removal policy only. It is not about [the District]'s curricular decisions nor its policy for reviewing books prior or subsequent to their inclusion in its library collection." (Doc. 20 at 6-7.) Plaintiffs allege the automatic-removal policy "threatens the ability of the Plaintiffs to learn and engage with a diversity of ideas and

5

information, including seeing their own experiences reflected in the books and developing greater understanding of the experiences of others." (Doc. 1 at ¶ 68.) Plaintiffs allege that enforcement of the policy, removal of books pursuant to it, and "the ongoing challenges to books at [District] libraries present[] a credible threat that additional books will also be removed based on their viewpoints." (*Id.* at ¶ 69.)

Plaintiffs' alleged injuries are hypothetical, speculative, and conjectural, rather than concrete, imminent, and actual. Plaintiffs do not allege any challenge is currently pending or that any such challenge has been threatened by a potential challenger. Plaintiffs do not allege that any book is currently temporarily removed as a result of the enforcement of the policy. Plaintiffs' complaint alleges only one instance of the policy ever being enforced, which their other filings make clear is an event or action they do not challenge in this lawsuit. In light of this record, Plaintiffs' complaint fails to allege an injury-in-fact as required to establish Article III standing.[2]

### III. Failure to State a Claim

Because Plaintiffs fail to establish standing for their claims, this Court lacks subject matter jurisdiction over this case and will not address Defendant's further argument as to whether Plaintiffs fail to state a claim upon which relief may be granted.

### Conclusion

Accordingly, Defendant's motion to dismiss is **GRANTED** and this case is **DISMISSED**. **IT IS SO ORDERED**.

          s/ Roseann A. Ketchmark
          ROSEANN A. KETCHMARK, JUDGE
          UNITED STATES DISTRICT COURT

DATED: April 27, 2023

---

[2] Even assuming that Plaintiffs adequately plead an injury-in-fact and causation, the Court would otherwise find Plaintiffs' allegations fail to plead redressability. Enjoining Defendant from enforcing its automatic-removal policy would not foreclose the possibility that materials would otherwise be removed or access to them restricted upon challenge at the independent discretion of District personnel pending review of some sort.

Simply put, Plaintiffs seek an advisory opinion from this Court holding Defendant liable for potential future removal of school library materials upon hypothetical challenges to them. Such an opinion would not preclude future restriction of Plaintiffs' access to such materials nor ensure the protection of any alleged due process rights implicated by such restriction without Plaintiffs being granted pre- or post-removal notice or opportunity to be heard. Such advisory opinion is outside the constitutional authority of the Court. Therefore, Plaintiffs lacks standing on the additional ground that the remedy sought cannot redress Plaintiffs' alleged injury. *Uzuegbunam*, 141 S. Ct. at 801.