IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| L.H., et al., <br><br> Plaintiffs, <br><br> v. <br><br> Independence School District, <br><br> Defendant. | Case No. 4:22-cv-00801-RK |

**SUGGESTIONS IN SUPPORT OF
DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

Defendant Independence School District ("District" or "Defendant"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 54 and 42 U.S.C. § 1988(b), provides the following Suggestions in Support of its Motion for Attorney's Fees:

### I. Factual and Procedural Background.

Plaintiffs are parents of students attending the District, who filed this case to challenge the District's policies governing challenges to District materials, including books maintained in its libraries. On December 6, 2022, Plaintiffs filed a Complaint (Doc. 1) asserting two claims, both alleging Constitutional violations pursuant to 42 U.S.C. § 1983. Specifically, Plaintiffs challenged a provision within the District's policies whereby the challenged material is temporarily removed pending the District's review of a challenge. Plaintiffs also filed a Motion for Preliminary Injunction "prohibiting Defendant, its agents, servants, employees, and attorneys from enforcing its policy of automatically removing library materials from student access upon receiving a challenge to such material, while this lawsuit is determined on the merits." (Doc. 4)

Defendant filed an Opposition to Plaintiffs' Motion for Preliminary Injunction (Doc. 16), along with a Motion to Dismiss Plaintiffs' Complaint (Doc. 18). In both, the District cited heavily

1

to *C.K.-W v. Wentzville R-IV Sch. Dist.*, No. 4:22-cv-00191-MTS, 2022 U.S. Dist. LEXIS 139554 (E.D. Mo. Aug. 5, 2022). Plaintiffs' counsel – the ACLU – represented the plaintiffs in that case as well. In that case, on August 5, 2022, Judge Matthew T. Schelp denied the plaintiffs' motion for preliminary injunction in a strongly worded opinion. *See id.* ("Plaintiffs have failed to show they have even a fair chance of succeeding in this case on the merits."). Plaintiffs in *C.K.-W* initially appealed Judge Schelp's Order, but dismissed their appeal before it could be heard, and then voluntarily dismissed the entire case.

Four (4) months after Judge Schelp's Order in *C.K.-W*, Plaintiffs (represented by the ACLU) filed the Complaint in this case, asserting nearly identical arguments. Critically, the facts in the present case were even more tenuous than in *C.K.-W*. Whereas the District in this case received and processed just one book challenge in over a decade, the school district in *C.K.-W* had received challenges to at least eight (8) books – six (6) of which remained unavailable (due to committee review) in the district libraries at the time of the plaintiffs' lawsuit. Despite the relative factual weakness of this case, and despite the firm rejection of the ACLU's case and arguments in *C.K.-W*, Plaintiffs, represented by the ACLU, pursued this claim anyway.

On February 23, 2023, this Court entered an Order denying Plaintiffs' Motion for Preliminary Injunction (Doc. 35). The Court cited to Judge Schelp's Order in *C.K.-W*, similarly finding: "Plaintiffs fail to show even a fair chance of success on their First Amendment claim that the District's automatic-removal policy is unconstitutional, even under the expansive view of the right articulated by the plurality in Pico or the Eighth Circuit." (Doc. 35). Despite this Order, clearly forecasting the Court's dim view of Plaintiffs' claims, Plaintiffs persisted in their claims. On April 27, 2023, the Court entered an Order dismissing Plaintiffs' Complaint on the basis that there was no justiciable controversy and therefore Plaintiffs lacked standing. (Doc. 42).

**II.     Argument.**

Fed. R. Civ. P. 54(d) provides that a claim for attorney's fees, if supported by a federal statute, rule, or court order, may be made by motion "no later than 14 days after entry of judgment. 42 U.S.C. § 1988(b) provides states, in relevant part:

> In any action or proceeding to enforce a provision of [42 U.S.C. § 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

§ 1988(b); *Williams v. City of Carl Junction*, 523 F.3d 841, 843 (8th Cir. 2008) ("Pursuant to § 1988, a district court may award attorney fees to a prevailing party in a lawsuit brought to enforce a provision of § 1983."). Although a prevailing defendant is not automatically entitled to attorney's fees, such an award is appropriate where the claim "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id*. (citing *Williams v. City of Carl Junction*, 523 F.3d 841, 843 (8th Cir. 2008) (quoting *Hughes v. Rowe*, 449 U.S. 5, 15, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980) (per curiam) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978)).

Plaintiffs' claims in this case were, in fact, "frivolous, unreasonable, or groundless" and/or Plaintiffs continued to litigate after their claims clearly became so. Four (4) months prior to Plaintiffs' Complaint, Judge Schelp entered a strongly worded order denying the plaintiffs' motion for preliminary injunction in *C.K.-W*, finding "Plaintiffs have failed to show they have even a fair chance of succeeding in this case on the merits." Just four (4) months later, the ACLU, which represented the plaintiffs in *C.K.-W*, nevertheless filed this case against the District making nearly identical arguments. What's worse is that Plaintiffs had an even weaker factual basis than the

3

plaintiffs in *C.K.-W*. Whereas the District in this case had received and processed just one book challenge in over a decade, the school district in *C.K.-W* had received challenges to significantly more books, and those plaintiffs challenged the removal of one book and the automatic removal policy. Under these circumstances, it was frivolous, unreasonable, and/or groundless for Plaintiffs to pursue this case against the District.

Even if the Court finds Plaintiffs' initial Complaint was not frivolous, unreasonable, and/or groundless, it was certainly so once Plaintiffs continued to litigate this case after this Court expressed agreement with Judge Schelp in its Order denying Plaintiffs' Motion for Preliminary Injunction (Doc. 35), similarly finding: "Plaintiffs fail to show even a fair chance of success on their First Amendment claim that the District's automatic-removal policy is unconstitutional, even under the expansive view of the right articulated by the plurality in Pico or the Eighth Circuit." (Doc. 35). Despite this Order, which plainly forecasted the eventual dismissal of Plaintiffs' Complaint, Plaintiffs persisted in litigating the claim until the Court granted Defendant's Motion to Dismiss (Doc. 42). Indeed, as of the filing of this Motion, Plaintiffs' counsel has indicated Plaintiffs potentially plan to appeal the Court's dismissal Order.

To date, the District has incurred in excess of $17,000 in attorney's fees and expenses in defending against Plaintiffs' frivolous, unreasonable, and groundless claims. Such fees and expenses can be supported by submission of invoices for *in-camera* review, upon request of the Court. The District will continue to incur fees and expenses unless and until this Complaint is finally dismissed.

4

### III. Conclusion.

For the foregoing reasons, Defendant Independence School District respectfully requests that the Court enter an Order awarding Defendant reasonable attorney's fees to be paid by Plaintiffs and/or their counsel, and for such other relief as it may show itself entitled.

> Respectfully submitted,
>
> EDCOUNSEL, LLC
>
> By: */s/ Ryan S. VanFleet*
>     J. Drew Marriott, #63059
>     dmarriott@edcounsel.law
>     Matthew D. Wilson #59966
>     mwilson@edcounsel.law
>     Ryan S. VanFleet, #64210
>     rvanfleet@edcounsel.law
>     201. N. Forest Ave., Ste. 200
>     Independence, MO  64050
>     (816) 252-9000
>     (855) 252-9009 (facsimile)
> ATTORNEYS FOR THE DISTRICT

### **CERTIFICATE OF SERVICE**

I certify that the foregoing was filed and served upon all attorneys of record, through the Court's electronic filing and service system, on May 11, 2023:

>     */s/ Ryan S. VanFleet*
>     Attorney for Defendant