IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| L. H., ON BEHALF OF THEIR MINOR CHILDREN; D. J., ON BEHALF OF THEIR MINOR CHILDREN; B. C., ON BEHALF OF THEIR MINOR CHILDREN; AND J. F., ON BEHALF OF THEIR MINOR CHILDREN; <br><br> Plaintiffs, <br><br> v. <br><br> INDEPENDENCE SCHOOL DISTRICT, <br><br> Defendant. | Case No. 4:22-cv-00801-RK |

## ORDER

Before the Court is Defendant's motion for attorney fees. (Doc. 44.) The motion is fully briefed. (Docs. 45, 51, 52.) For the reasons below, Defendant's motion is **DENIED**.

### Background

Plaintiffs are parents and next friends of minor children who are students in the Defendant Independence School District and filed this case on their minor children's behalf on December 6, 2022. (Doc. 1.) Plaintiffs challenged Defendant's policy of removing material in school libraries upon receipt of a challenge to such material, pending a formal review process. Plaintiffs claimed the policy violates the minor children's First Amendment rights and Fourteenth Amendment Due Process rights. Plaintiffs asserted the policy's automatic application, lack of notice to students before, during, and at the end of the formal review process, and lack of opportunity for appeal are unconstitutional.

Defendant Independence School District ("District") has a regulation, Board Regulation 6310, which, among other things, allows a student, parent, or guardian to make a formal complaint about library materials he or she finds objectionable on a form obtained from the Superintendent's office. (Doc. 1 at ¶ 26; Doc. 1-2 at 3.) Board Regulation 6310 provides that the complaint will be considered by the Superintendent and librarian, and, "[c]ontingent with their decision, the material will be returned to the shelf for continued use, or removed from library circulation." (Doc. 1-2 at 3.) Board Regulation 6310 refers to Policy and Regulation 6241 – Controversial Materials. (*Id.*)

On December 16, 2022, Plaintiffs filed their complaint, consisting of two counts brought pursuant to 42 U.S.C. § 1983. In Count I, Plaintiffs claimed that the District's automatic-removal policy violates the minor students' rights under the First Amendment by removing all student access to all challenged materials, including where removals are made without merit and on the basis of viewpoint and content. (*Id.* at ¶ 63.) In Count II, Plaintiffs claimed the automatic-removal policy violates the minor students' Fourteenth Amendment Due Process rights to notice and an opportunity to be heard as to the deprivation of their First Amendment rights implicated in Count I. (*Id.* at ¶¶ 72-73.)

Defendant filed a motion to dismiss under Rule 12(b)(6), arguing, among other things, that Plaintiffs lacked standing. The Court granted that motion on the grounds that Plaintiffs lacked standing, finding they failed to demonstrate injury-in-fact.

## Discussion

Defendant argues it is entitled to attorney fees because Plaintiffs' claims were frivolous, unreasonable or groundless.

Under the "American Rule" system in the United States, each party is generally required to cover the cost of their own legal expenses regardless of the outcome of the case. *See Fox v. Vice*, 563 U.S. 826, 832 (2011). However, Congress has allowed courts to deviate from this rule and shift fees from one party to the other under certain circumstances. *Id.* In the context of a claim brought under 42 U.S.C. § 1983 for violations of constitutional rights, Congress allows courts to award "the prevailing party" "a reasonable attorney's fee." 42 U.S.C. § 1988(b). In the context of this fee-shifting statute, the Supreme Court has held the term "prevailing party" means, in essence, "one who has been awarded some relief by the court":

> In designating those parties eligible for an award of litigation costs, Congress employed the term "prevailing party," a legal term of art. Black's Law Dictionary 1145 (7th ed. 1999) defines "prevailing party" as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded <In certain cases, the court will award attorney's fees to the prevailing party.>. – Also termed *successful party*."

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources*, 532 U.S. 598, 603 (2001). The Supreme Court explained § 1988 has generally applied to court-ordered consent decrees enforcing settlement agreements and enforceable judgments on the merits on one end of

the spectrum and does not apply, on the other end of the spectrum, to a favorable outcome lacking a "judicially sanctioned change in the legal relationship of the parties." *Id.* at 605.

While one's status as a prevailing party does not depend solely on receiving a merits ruling, *see CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 431 (2016), some substantive result is required. In this way, generally, a defendant is not entitled to attorney fees as a prevailing party under § 1988 where the outcome does not involve "a judicial determination of substantial rights." *ACORN v. Wallis*, 717 F.2d 451, 453 (8th Cir. 1983).

Awarding attorney fees under § 1988(b) is discretionary with the Court. In the Eighth Circuit "a defendant may recover fees under § 1988 only upon 'well-supported findings' that the lawsuit was 'frivolous, unfounded, and vexatiously brought and pursued.'" *Waters v. City of St. Peters*, No. 4:06CV876SNL, 2007 WL 1880740, at *2 (E.D. Mo. June 29, 2007) (quoting *Davis v. City of Charleston, Mo.*, 917 F.2d 1502, 1505 (8th Cir. 1990)). Additionally, "[d]efendants can also recover attorney's fees when a plaintiff continues to litigate after it becomes clear his claim is frivolous, unreasonable or groundless." *Hamidi v. City of Kirksville*, No. 2:14CV00087 ERW, 2016 WL 6563470, at *2 (E.D. Mo. Nov. 4, 2016) (citing *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 423 (1978)).

Here, assuming the Court found Defendant was a "prevailing party," Defendant does not demonstrate that Plaintiffs' claims were frivolous, unreasonable, or groundless. Not every case that is ultimately dismissed justifies the award of attorney fees to the prevailing party. In this case, Plaintiffs' claims were not clearly unreasonable or groundless; rather, they implicated important Constitutional concerns that have been the subject of many federal cases for decades, the interpretations of which have shifted over time. The Court finds it would contravene the purposes of the fee-shifting statute to grant Defendant's attorney fees here where Plaintiffs brought serious, thoroughly considered claims that were well-argued, and not without reasonable authority to support their arguments. The Court finds Defendant is not entitled to attorney fees under § 1988(b).

3

Case 4:22-cv-00801-RK   Document 53   Filed 07/31/23   Page 3 of 4

## Conclusion

Accordingly, Defendant's motion to for attorney fees is **DENIED.**

**IT IS SO ORDERED**.

                                              s/ Roseann A. Ketchmark
                                              ROSEANN A. KETCHMARK, JUDGE
                                              UNITED STATES DISTRICT COURT

DATED: July 31, 2023